John E. Kavanagh, Appellant, v. Bank of America et al., Appellees.

Gen. No. 14,036.

This case is controlled by the decision in Kavanagh v. Bank of America, *ante*, p. 201.

Bill for receiver, etc. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed December 7, 1908.

EDWARD J. STEVENS, for appellant; EDGAR L. MASTERS and DAVID K. TONE, of counsel.

BULKLEY, GRAY & MORE, for appellee; ALBERT S. EAGAN and C. PAUL TALLMADGE, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

John E. Kavanagh, the appellant, filed a bill in the Superior Court of Cook county, seeking to wind up the business and affairs of the appellee Bank of America, an Illinois corporation, of which he was a stockholder.

and for the appointment of a receiver for that purpose.

Daniel D. Healy was appointed receiver, and in the order of appointment it was directed that the affairs of the bank be wound up and that the receiver proceed with all convenient speed to collect in and distribute its assets under the direction of the court, etc.

On April 2, 1906, leave was given Alberta S. Eagan to file, and in pursuance of such leave she did file, an intervening petition, setting forth that she was the owner and holder of three certificates of deposit of the Bank of America, each for the sum of $500; that the same were transferred to her by the payee in the certificates mentioned, F. M. Creelman, for a valuable consideration paid by her to said Creelman therefor; that said certificates were all dated January 13, 1906, and were payable respectively in three, four and five months after their date, with interest at the rate of three per cent. per annum, upon surrender of the certificates properly indorsed.

Daniel D. Healy as receiver answered the intervening petition, in which answer he charged that the certificates were obtained from the Bank of America by fraud and conspiracy between certain of the officers of the Bank of America and the Jackson Trust & Savings Bank, among others, William H. Eagan, the then president of the Jackson Bank, and further charging that the interest of William H. Eagan and that of the intervenor, Alberta S. Eagan, in said certificates, are the same, and that the name of Alberta S. Eagan was used by William H. Eagan for the purpose of making it appear that the latter was an innocent purchaser for value, but that in fact said Alberta S. Eagan was a mere dummy, or that William H. Eagan was the agent of Alberta S. Eagan in procuring the certificates to be delivered by F. M. Creelman, and that Alberta S. Eagan had notice on January 13, 1906, the date of the certificates, that F. M. Creelman had no money on

deposit in the Bank of America, but that on the contrary he was indebted to that bank.

On the hearing the intervenor produced as a witness C. A. Sawtelle, who was a teller in the Bank of America at the time the certificates of deposit were issued, and whose name is signed to each of the certificates, and he testified that his name and that of R. H. Howe, assistant cashier of the issuing bank, were upon the certificates; that the indorsement upon the certificates was that of F. M. Creelman; that the certificates were issued in the regular course of the business of the bank, and that he knew nothing against their validity at the time they were issued. The certificates were then offered in evidence and the intervenor rested her case.

The depositions of William H. Eagan and Alberta S. Eagan, the intervenor, read in evidence in support of her petition, tend to prove that William H. Eagan loaned to F. E. and F. M. Creelman $1,500 of the money of Alberta S. Eagan, taking as security their note and the bonds of the Lattonier Land Company to the amount of three thousand dollars; that upon request of F. M. Creelman, William H. Eagan changed the loan by surrendering the Lattonier bonds and the note of F. E. and F. M. Creelman, and took the certificates of deposit in evidence from F. M. Creelman in payment of the loan; that the certificates were so taken before the maturity of any of them, and without any knowledge of any defenses thereto by the Bank of America; that William H. Eagan acted in these dealings as the agent of Alberta S. Eagan.

Much evidence was submitted in defense of Mrs. Eagan's claim, tending to prove mismanagement and bad business judgment upon the part of the Bank of America and some shrewd manipulations on the part of some of the officers of the Jackson Bank, in disposing of some securities of doubtful value to the Bank of America. But we are unable to find any testimony in this record affecting the *bona fides* of the

dealings of Mrs. Eagan with the Creelmans, or imputing to her knowledge of any irregularities in the issuing of the certificates here involved, if any irregularities in fact existed.

On April 15, 1907, the chancellor, after hearing all the proofs appearing in the record, found that the intervenor, Alberta S. Eagan, was the holder and owner of the three certificates of deposit, and that she was entitled to be paid out of the funds of the Bank of America in the hands of the receiver, upon surrender and cancellation of the three certificates, the sum of $1,556.25, the principal and interest due thereon, and ordering Healy, as receiver, to pay that amount out of the funds of the Bank of America.

The legal questions here involved are relatively the same as those in a case brought by appellant on appeal from the allowance of the claim of the intervening petitioner, Gilbert C. Pryor, and numbered in this Court 14014, in which we have this day handed down our opinion. *Ante,* p. 201. We refer, without here again repeating, to our opinion in the Pryor case, for a statement of the law of this case, as well as to the cases there cited in support of our reasoning. They are equally as decisive of the questions here raised as there involved, and we would regard it as a work of supererogation, never to be indulged or tolerated, to again repeat here what we have so decisively said in the Pryor case.

The three certificates of deposit of the Bank of America in dispute were issued in due course of the bank's banking business. They are negotiable instruments. The intervenor, Alberta S. Eagan, acquired ownership of them before maturity and for a valuable consideration, without knowledge, actual or imputable to her, of any defenses to them by the Bank of America.

The decree of the Superior Court is sustained by proof and legal precedent, and it is therefore affirmed.

*Affirmed.*